FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 25 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02133-BNB

MARVIN O. HOLLOMAN,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of Colorado Department of Corrections,
PAUL HOLLENBECK, C.D.O.C. Manager of Offender Management,
MATTHEW MENCK, C.D.O.C. Community Corrections,
AMY DURAN, C.D.O.C. Community Corrections, Parole Officer,
JOSEPH HALLIGAN, C.D.O.C. Head Case Manager at Sterling Correctional Facility,
FREDDIE COURTNEY, C.D.O.C. Case Manager Unit 35, Sterling Correctional Facility,
MIKE KOOP, Correctional Management Inc., Denver,
C.M.I. DAHLIA PROGRAM,
ERICKA MARTIN, Program Director,
STEPHANIE MIMS, C.M.I., Dahlia, Case Manager, and
KEVIN MILYARD, Sterling Correctional Facility,

Defendants.

## ORDER OF DISMISSAL

Plaintiff Marvin O. Holloman is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Holloman has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. As relief he seeks money damages.

The Court must construe the Complaint liberally because Mr. Holloman is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Court will dismiss the Complaint in part as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Holloman alleges that he was unlawfully regressed from community corrections when Defendants rejected his placement in the Correctional Management's Dahlia Program after he had been accepted into the program. Plaintiff contends that Defendants rejected him from the Dahlia program in retaliation for his being found not guilty in a disciplinary proceeding. He further asserts that his due process rights were violated when he was not afforded an administrative review of the rejection, and his equal protection rights were violated when pending his regression to the DOC he was kept in the Denver County Jail for sixty-one days and was subjected to conditions that under the DOC Penal Code of Discipline are defined as punitive. As noted above, Mr. Holloman seeks money damages.

Mr. Holloman may not recover damages for the alleged denial of due process in his regression from community corrections to prison and for the alleged act of retaliation. In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a

federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). Mr. Holloman's claim challenging his regression from community corrections is analogous to a claim challenging the revocation of parole or probation.

Mr. Holloman does not allege, and nothing in the case file indicates, that he has invalidated his removal from community corrections and his regression to prison. Therefore, any claims for damages for the alleged wrongful regression and retaliation are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

With respect to Plaintiff's equal protection claim, a person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Mr. Holloman does not allege that he was treated differently than other prisoners who are regressed to prison when he was placed in the Denver County Jail for sixty-one days. Therefore, the equal protection claim also lacks merit and must be dismissed.

There is, however, a liberty interest in avoiding particular conditions of confinement under *Sandin v. Conner*, 515 U.S. 472 (1995). An inmate enjoys a liberty interest under the Due Process Clause to be free from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In considering whether the DOC imposed an atypical and significant hardship on Plaintiff by placing him in the Denver County Jail for

3

sixty-one days the Court considers the conditions of confinement, including both the duration and degree of restrictions as compared with other inmates. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

As stated above, Plaintiff claims that the conditions of his confinement at the Jail were analogous to punitive segregation as defined under the DOC Penal Code of Discipline. Plaintiff's claim is vague and conclusory. Furthermore, he was held only for sixty-one days at the Jail before he was returned to the DOC. Plaintiff fails to state any specific conditions of confinement that imposed an atypical and significant hardship on him while he was held at the Denver County Jail. Accordingly, it is

ORDERED that the Complaint and the action are dismissed. It is

FURTHER ORDERED that Complaint is dismissed in part without prejudice because Plaintiff's regression and retaliation claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the Complaint is dismissed in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff fails to assert that his equal protection rights were violated when he was held at the Denver County Jail.

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02133-BNB

Marvin O. Holloman
Prisoner No. 114066
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/25/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk